

**U.S. Department of Justice**
United States Attorney
*District of Columbia*

---

*Judiciary Center*
*555 Fourth St N W*
*Washington, D C  20530*

July 5, 2007

Rita Bosworth, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

C7-275

**FILED**
JAN 3 - 2008
NANCY MAYER WHITTINGTON, CLERK
U S. DISTRICT COURT

Re:   <u>United States v. Anton Griffin</u>

Dear Ms. Bosworth:

This letter sets forth the full and complete plea agreement with your client, Mr. Anton Griffin. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Your client agrees to waive Indictment and plead guilty by Information to a violation of 18 U.S.C. § 656 (Bank Embezzlement). By pleading guilty pursuant to this plea agreement, your client hereby waives his right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by your client and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the embezzlement. It is anticipated that prior to or during the Rule 11 plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence. Your client agrees and will acknowledge at the time of his guilty plea that he is accountable for the theft of $18,407.50 in U.S. currency.

2. **Potential penalties, assessments, and restitution**: Your client understands that the maximum sentence that can be imposed for violating the misdemeanor provision of 18 U.S.C. § 656 is one year imprisonment, a fine of $100,000 (per 18 U.S.C. § 3571(b)(5)), or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, your client understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G.").

Your client understands that any sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. In addition to the other penalties provided by law, the Court must also order that your client make restitution pursuant to 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Your client agrees to pay full restitution to Wachovia Bank, in an amount and manner to be determined by the Court. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    3.    **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§2B1.1

    (a) Base Offense Level    6

§2B1.1

    (b)(1)(B) Loss more that $10,000    +4

§ 3E1.1

    (d) Acceptance of Responsibility    <u>-2</u>

    TOTAL ADJUSTED OFFENSE LEVEL    8

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for your client in this case. In the event that this plea offer is either not accepted by your client or is accepted by your client but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4.    **Financial Arrangements**: Your client agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $25.00, to cover the special assessment, as required in 18 U.S.C. § 3013; he also agrees to pay restitution in the amount to be determined by the Court. your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard

form 500 (Financial Statement of Debtor).

5.   **Government Concessions:**  In exchange for his guilty plea, the government agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that your client continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court.  Also, subject to other paragraphs in this agreement, this Office will not bring any additional criminal charges against your client for the offenses outlined in the attached Statement of Offense.

6.   **Reservation of Allocution:**  The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of your client's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

7.   **Breach of Agreement:**  Your client agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement.  Moreover, if during an investigation or prosecution your client should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law.  In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of your client's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) your client will not have the right to move to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d)

the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether your client has breached this agreement, and if your client so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

8.  **USAO-DC's Criminal Division Bound**:  Your client understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

9.  **Complete Agreement**:  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, your client may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by your client and his counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Louis Ramos
Assistant United States Attorney
555 Fourth Street, NW (Room 4243)
Washington, D.C. 20530
(202) 305-2195

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _____          _____
                                                                Anton Griffin
                                                                Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____          _____
                                                                Rita Bosworth, Esquire
                                                                Attorney for the Defendant