**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-275 (RWR) |
| | : | |
| v. | : | |
| | : | |
| **ANTON GRIFFIN,** | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to a total period of incarceration of 3 months, a sentence at the midpoint of the defendant's United States Sentencing Guidelines ("USSG" or "Guidelines") range of 0-6 months. In support thereof, the United States respectfully states the following:

### BACKGROUND

On January 3, 2008 the defendant pled guilty to one count of misdemeanor bank embezzlement in violation of 18 U.S.C. § 656. As part of his plea, the defendant agreed that the following facts would have been established beyond a reasonable doubt had this case gone to trial:

Beginning in approximately September 2005 through, up to and including December 23, 2006, the defendant worked as a teller at Wachovia Bank branch located at 1447 P Street, NW in Washington, DC. At all relevant times, Wachovia Bank was a financial institution operating in the District of Columbia and elsewhere with deposits insured by the Federal Deposit Insurance Corporation.

On or about December 23, 2006 the defendant executed a scheme to embezzle money, that is, United States currency, from Wachovia Bank by using his position as a teller to gain access to cash and willfully embezzle, abstract, purloin and steal money by removing United States currency from money straps under his control and converting the money to his own use. On December 23, 2006, the defendant willfully and knowingly removed fifty, twenty, and ten dollar bills from loose money and money straps under his control and converted the money for his own use without the permission or knowledge of Wachovia Bank.

To further the scheme and prevent its detection, the defendant falsified his bank paperwork, including his balance sheet in a manner consistent with "force balancing" in an attempt to conceal the shortage. Specifically, on December 23, 2006 $18, 407.50 of U.S. currency was missing from the defendant's teller drawer, representing a loss to Wachovia Bank. Wachovia Bank discovered that the money was missing when they reviewed the defendant's balance sheet and discovered that there was an $18,407.50 discrepancy between what the defendant reported in his balance sheet and the amount of money in his teller drawer.

On or about February 1, 2007 a Special Agent of the Federal Bureau of Investigation interviewed the defendant. The defendant admitted that he embezzled currency from Wachovia Bank by removing $18,407.50 of U.S. currency from money straps and loose currency under his control, converted the money to pay for personal expenses, and sought to cover-up his embezzlement by making false entries in his Wachovia Bank paperwork.

## SENTENCING GUIDELINES

A Pre-Sentence Investigation Report ("PSR") was prepared for the defendant. The PSR determined the base offense level to be 6 under USSG §2B1.1(a)(2), with a 4 level increase under USSG § 2B1.1(b)(1)(B) because the offense involved a loss of between $10,000 and $30,000. The adjusted offense level is 10. The PSR then reduced the adjusted offense level by 2 levels due to the defendant's acceptance of responsibility under USSG §§ 3E1.1(a). The PSR calculated that final total offense level to be 8. The defendant has one criminal conviction in his background, establishing a criminal history category of I. Based on the defendant's total offense level of 8 and criminal history category of I, the Guidelines call for a term of imprisonment within a range of 0-6 months, and the defendant is probation eligible under the Guidelines.

## SENTENCING RECOMMENDATION

The Government recommends that the Court sentence the defendant to 3 months incarceration, a period within the defendant's Guidelines range. Such a sentence would be reasonable and would also be justified by consideration of the sentencing factors enumerated in 18 U.S.C. § 3553.

The district court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a). See Gall v. United States, _____ U.S. _____, 128 S. Ct. 586 (2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional

treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

This sentence is at the mid-point of the defendant's Guidelines range. In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). <u>Booker</u>, 125 S. Ct. at 756. Nonetheless, and as the Supreme Court has stated, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. <u>See Gall</u>, \_\_\_\_ U.S. \_\_\_\_, 128. S. Ct. at 595 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. <u>See</u> <u>Rita v. United States</u>, \_\_\_ U.S. \_\_\_, 127 S. Ct. 2456 (2007). <u>See also</u> United States Sentencing Comm'n, <u>Supplementary Report on the Initial Guidelines and Policy Statements</u> 16-17 (1987); <u>see also</u> 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). And the Sentencing Commission has continued to study district court and appellate sentencing

decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall. See Gall, at * 7.

In this case, the defendant was able to steal approximately $19,000 from Wachovia Bank by taking money from his bank teller drawer and falsifying his bank teller records. The defendant stole this money for his personal use, and based on his employment history and his current financial condition it will take him some time to pay back this money to Wachovia Bank. Moreover, the defendant received a significant break when he was allowed to plead guilty to one count of misdemeanor bank embezzlement as opposed to a felony count.

## **CONCLUSION**

The defendant should be sentenced to 3 months of incarceration, a sentence at the mid-point of the defendant's Guidelines range.

>Respectfully,
>
>JEFFREY A. TAYLOR
>United States Attorney
>
>By: _____/s/_____
>LOUIS RAMOS
>Assistant United States Attorney
>D.C. Bar No. 472-176
>555 4th Street, N.W.
>Washington, DC 20001
>Phone: 514-7582
>e-mail: louis.ramos@usdoj.gov