**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 07-275 (RWR) |
| v.                             ) | |
| ) | |
| ANTON GRIFFIN                  ) | |
| _____) | |

**DEFENDANT'S MEMORANDUM  IN AID OF SENTENCING**

Defendant, Anton Griffin, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Griffin respectfully asks the Court to sentence him to probation.

**BACKGROUND**

On October 17, 2007, the government filed a one-count Information charging Mr. Griffin with misdemeanor bank embezzlement in violation of 18 U.S.C. § 656.  On January 3, 2008, Mr. Griffin pled guilty, in accordance with a written plea agreement, to the Information.  Since his guilty plea, Mr. Griffin has been in compliance with all of his conditions of release.  He is scheduled to be sentenced before this Court on March 13, 2008, at 11:00 a.m.

**DISCUSSION**

**I.      THE POST-BOOKER SENTENCING FRAMEWORK.**

_____Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.  See 18 U.S.C. § 3553(a)(4)."  United States v. Booker, 543 U.S. 220, 264 (2005)

1

(Breyer, J.).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

No limitation shall be placed on the information concerning the background, character,

and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

## II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. GRIFFIN SHOULD RECEIVE A SENTENCE OF PROBATION

### A.    Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for this misdemeanor offense is one year.

### B.    Advisory Sentencing Guidelines

#### (I).    *Applicable Guideline Range*

The Probation Office, consulting the 2007 edition of the Guidelines Manual, has concluded that the total offense level in this case is 8 and that Mr. Griffin's criminal history

category is I,[1] resulting in an advisory Guideline range of 0-6 months.  Mr. Griffin remains in Zone A of the guidelines and is eligible for probation.

C.      Section 3553 Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar  records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater

---

[1]      Mr. Griffin renews his objection to paragraph 25 of the Pre-Sentence Investigation Report.  The probation office has given Mr. Griffin one point for an alleged conviction in 1999; however, the only basis for that information is a single-page computer printout from the North Carolina District Court.  Under United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005), the government "carries the burden of proving any facts that may be relevant at sentencing."  When a defendant disputes the facts of an alleged conviction, the government must "demonstrate that the description in the report is based on a sufficiently reliable source to establish the accuracy of that description." Id.  The Court in Price ultimately held that the documentation provided by the probation office, which consisted of documentation from the District Court, did not constitute a reliable source.  Here, the probation office has done exactly what Price prohibits.  The probation office does not have certified copies of the conviction, nor does it have the case file.  All it has is a single page printout from the District Court.  The government has not met its burden and thus Mr. Griffin should not receive any criminal history points for this alleged conviction.

4

than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. Griffin in no way wishes to diminish the seriousness of the offense, he notes that the offense to which he pled guilty was neither a crime of violence nor a drug-related offense.  He submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense."  Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

*II. Characteristics of the Defendant*

As the PSR reflects, Mr. Griffin has a strong family background.  He was very close with his mother until she passed away in 1999, and he remains close to his father and his siblings.  His endearment toward his family is evidenced by the fact that he sends money to his brother every month to help support his nephew.  It was difficult for Mr. Griffin to tell his family about the instant offense, and while they support him, he is determined to keep his life on track so as not to disappoint them again.  In order to demonstrate his commitment to keeping out of trouble, Mr. Griffin has obtained and maintained full time employment since September 2007, and he expects to be asked to remain permanently at that job.  In addition, he has complied meticulously with his conditions of release and has had no positive drug tests.  He continues to strive toward putting his life back together.

*III. Appropriate Sentence*

The appropriate sentence in this case is probation.  Giving Mr. Griffin any sentence other than probation would be completely counter-productive on a number of levels.  First, Mr. Griffin is in Zone A of the sentencing guidelines, and he is in the lowest possible criminal history category.[2]  Based on this alone, it should be clear to the court that he is not someone who is going to re-offend, and he is not someone who needs to be punished "extra" for prior behavior.  He is exactly the kind of person the creators of the sentencing guidelines had in mind when they decided to allow probation for certain offenders.  Second, in addition to being in the lowest criminal history category, Mr. Griffin has complied with all of his conditions of pre-trial release, he has never tested positive for a drug test, and he maintains steady employment.  These are typically conditions for which a defendant may be punished if they are not met; Mr. Griffin, in contrast, should be given credit for the efforts he has made.  Third, the primary goal in this case should be to make the victims whole.  Mr. Griffin has already begun to make that possible by obtaining and maintaining full time employment.  Putting him in jail for any amount of time would both delay his ability to begin paying restitution and push him back down the proverbial hill in terms of finding a job that allows him to pay restitution.  Fourth, Mr. Griffin has proven over the past couple months that he can be a productive member of society who abides by the court's conditions and contributes what he must to atone for his misdeeds.  It would benefit nobody to incarcerate Mr. Griffin now.

---

[2]     Mr. Griffin remains in Category I even if the court overrules his objection under United States v. Price to the single point for his alleged 1999 conviction.

In sum, this is a misdemeanor offense.  Mr. Griffin is not a danger to the community, he is not a career offender, and he is not someone who will disappear without repaying his debts. While the government purports to want to implement the sentencing guidelines in a "fair and uniform way," Gov't Memo at 5, it has given absolutely no explanation as to how it justifies its request for incarceration in this case.  That is because incarceration is unwarranted.   Probation was designed for people like Mr. Griffin, and it is appropriate in this case.

## CONCLUSION

_____For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Mr. Griffin asks the Court to sentence him to probation. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.


Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126